PEOPLE *v.* CROW.

1. CRIMINAL LAW—CONFESSIONS—QUESTION FOR JURY.
  Since the determination of whether or not a purported confession was voluntary was for the jury it was not error on the part of the trial court to require testimony on such issue to be taken in the presence of the jury.

2. WITNESSES—PRIVILEGE AGAINST SELF-INCRIMINATION—WAIVER.
  Defendant in criminal prosecution who voluntarily took the stand as a witness in his own behalf thereby waived his constitutional privilege against answering self-incriminating questions material to the issue, hence he was subject to cross-examination concerning facts of the case and concerning his credibility.

3. CRIMINAL LAW—IMPROPER QUESTIONS AS TO OTHER OFFENSES.
  Prejudicial error was committed by trial court when prosecuting attorney was permitted to ask defendant, over repeated ob-

jections, improper questions leading jury to believe defendant had committed many other crimes of like nature although he had not been charged with their commission:

4. SAME—PREJUDICIAL CONDUCT OF PROSECUTING ATTORNEY— OPENING STATEMENT—CLOSING ARGUMENT.

Action of prosecuting attorney in making it clear to jury in his opening statement that defendant, charged with burglary, had been confined in the prison of another State and had been brought here by extradition at expiration of confinement and in renewing such prejudicial conduct in both opening statement and closing argument to jury after repeated cautions by the court in and out of jury's presence constituted reversible error.

Appeal from Branch; Jacobs (Theo T.), J. Submitted January 14, 1943. (Docket No. 97, Calendar No. 42,033.) Decided February 24, 1943.

Jay Crow was convicted of burglary. Reversed and new trial granted.

*Oscar B. Theil* and *Paul G. Eger,* for appellant.

*Herbert J. Rushton,* Attorney General, and *William H. Frankhauser,* Prosecuting Attorney, for the people.

BUSHNELL, J. Defendant Jay Crow was convicted by a jury on the charge of breaking and entering a dwelling house in the nighttime, with intent to commit larceny therein. The information contained 3 counts: (a) entering a dwelling house in the nighttime, with intent to commit larceny, (b) breaking and entering a dwelling house in the nighttime, with intent to commit larceny, and (c) larceny of 200 lbs. of peppermint oil of the value of $400.

It was charged that the offenses were committed on the 1st day of October, 1937, but at the trial the information was amended to read September 8, 1937.

The testimony shows that William Hilton, a farmer living near the village of Kinderhook, in the county of Branch, raised mint· and distilled peppermint oil, and that on the day in question some of this oil was stored in the basement of his house.   Hilton and his family left their home about 5 or 6 o'clock in the evening to have dinner at a church located in a nearby town.   Two days later he discovered the oil was missing, together with a partly filled bottle he had left on his closed-in back porch.   He reported the theft and subsequently the oil was found in defendant's barn on a nearby farm.

On appeal from the sentence imposed, defendant argues that the evidence was insufficient to sustain the verdict of the jury; that the court erred in refusing to excuse the jury while testimony as to whether or not his purported confession was voluntary was being received, and in requiring him to answer certain questions concerning other offenses alleged to be committed by him with which he was not then charged and for which he might still be subject to prosecution.   He also argues for reversal on the ground that the prosecuting attorney was guilty of such improper conduct that he was denied a fair trial.

The trial judge did not err in requiring testimony to be taken in the presence of the jury as to whether or not the purported confession was voluntary, as that was a jury question.   *People* v. *Cleveland,* 251 Mich. 542, and *People* v. *Preston,* 299 Mich. 484.

Crow, although not obliged to do so, voluntarily took the stand as a witness in his own behalf, and thereby waived his constitutional privilege against answering self-incriminating questions material to the issue.[*]   As to questions concerning the facts of the case and those affecting his credibility, he was

[*] Constitution (1908), art, 2, § 16,—REPORTER.

subject to cross-examination, but the trial judge com·mitted prejudicial error when he permitted the prosecution to ask Crow questions irrelevant to the issue and having a tendency to bring in other charges. *Pitcher* v. *People,* 16 Mich. 142. The trial judge should have prevented such prejudicial examination of the defendant by the prosecuting attorney, who, with premeditation and deliberation, and in the face of repeated objections, insisted, by improper questions, in leading the jury to believe that the defendant had committed many other crimes of like nature, although he had not been charged with their commission.

The improper conduct of the prosecutor was not confined to the cross-examination of the defendant. In his opening statement to the jury the prosecutor made it clear that the defendant had been confined in the Indiana State Prison, and was brought into Michigan by extradition from Indiana at the expiration of that confinement. The court repeatedly ruled upon objections to the prosecutor's statement and cautioned him regarding the improper nature of his remarks. At one point the jury was excused and, in its absence, the court explained to the prosecutor that such facts could possibly be brought out on cross-examination in the event defendant took the stand, but that they were wholly improper at the time. When the jury returned to the court room the prosecutor observed the caution of the court for a while and then renewed his prejudicial argument. Later, at the close of the trial, in his argument to the jury, other prejudicial statements were made by the prosecutor. Such conduct on the part of an able and experienced lawyer can not be overlooked.

"The remarks were so highly prejudicial that we cannot say defendant had a fair trial." *People* v. *Kolowich,* 262 Mich. 137, 152.

See, also, *People* v. *Allen,* 299 Mich. 242.

The conviction must be reversed and a new trial granted. It is so ordered.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred.