## PEOPLE *v.* ASKAR.

1. CRIMINAL LAW—EVIDENCE—SUFFICIENCY.

   Weight of the evidence and credibility of the witnesses in a criminal action is for the jury's consideration, and an appellate court will not disturb its findings where there is evidence of the commission of the offense charged.

2. STATUTES—CONSTRUCTION—INTENT.

   Legislative intent must be gathered from the language used in a statute, if possible, and such language shall be given its ordinary meaning unless a different interpretation is indicated.

3. SODOMY—CONSTRUCTION OF STATUTES—COMMON LAW.

   Construction of the statute punishing the crime of sodomy requires reference to the common law for the particular acts constituting the offense (CLS 1961, § 750.158).

4. SAME—DEFINITION.

   Sodomy is a carnal copulation between human beings in an un natural manner at the common law.

5. SAME—MANKIND—CONSTRUCTION OF STATUTES.

   "Mankind" is a generic term embracing all of humanity, and, as used in the statute prohibiting sodomy with mankind, includes women within the prohibition (CLS 1961, § 750.158).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 883.
[2] 50 Am Jur, Statutes §§ 235, 238.
[3–6] 48 Am Jur, Sodomy § 1.
[7, 10–15] 29 Am Jur 2d, Evidence § 320 *et seq.*
[8, 9] 29 Am Jur 2d, Evidence § 321.
   Admissibility, in prosecution for sexual offense, of evidence of other similar offenses. 77 ALR2d 841.
[16] 42 Am Jur, Prosecuting Attorneys § 20.
[17] 53 Am Jur, Trial § 452 *et seq.*

6. SAME—ACT PROHIBITED.
   Act of copulation of male with female *per anum*, charged against defendant under statute, prohibiting sodomy, *held*, to constitute the crime of sodomy under the statute (CLS 1961, § 750.158).

7. CRIMINAL LAW—OTHER OFFENSES—ADMISSIBILITY OF EVIDENCE.
   Evidence of other distinct offenses is not generally admissible in a criminal trial even though the other offenses are the same kind as the offense charged.

8. SAME—EVIDENCE—OTHER OFFENSES—STATUTE—SODOMY.
   Statutory exception to the general rule of exclusion of evidence of other distinct criminal offenses, which allows the proof of other offenses for the purpose of showing motive, intent, mistake or accident, or the existence of a scheme or plan, *held*, not applicable in a prosecution for sodomy (CLS 1961, § 750-.158; CL 1948, § 768.27).

9. SAME—OTHER SEXUAL OFFENSES—EXCLUSION—PREJUDICE.
   The general rule of exclusion of evidence of sexual offenses other than the one charged in a prosecution is based upon the obvious potential prejudicial effect of such evidence, and such evidence is not admissible merely to show the criminal character of the accused.

10. SAME—SEXUAL OFFENSES—PRIOR OFFENSES—ADMISSIBILITY.
    Evidence of prior sexual offenses of a similar kind is admissible in a prosecution for sexual offense only for the purpose of showing opportunity, disposition of the parties, or intimate relations tending to break down self-respect.

11. SAME—SEXUAL OFFENSES—PRIOR OFFENSES—ADMISSIBILITY.
    The prosecutor has the burden of showing for which of the recognized purposes he seeks to introduce evidence of prior sexual offenses in prosecution for a sexual offense and of showing that the purpose is material and relevant to the case being tried.

12. SAME—PRIOR SEXUAL OFFENSES—INSTRUCTIONS.
    Jury must be instructed, whether or not the defendant so requests, immediately upon the introduction of evidence of prior sexual offenses in trial for sexual crime, that the evidence was admitted for the specific purpose shown by the prosecutor and that the jury shall consider it only for that purpose.

13. SAME—PRIOR SEXUAL OFFENSES—ADMISSIBILITY—EFFECT OF EVIDENCE.

Evidence of sexual offenses prior to the one charged in prosecution for sodomy *held,* erroneously admitted, where there was no showing by the prosecutor of a proper ground for admitting the evidence of prior offenses, and no instructions were given to the jury regarding the effect the evidence should have (CLS 1961, § 750.158).

14. SAME—PRIOR SEXUAL OFFENSES—ADMISSIBILITY—DISCRETION OF COURT.

Evidence of an act of sodomy between defendant and the chief witness for the prosecution prior to the act charged in a prosecution for sodomy between the same persons is admissible when the prior act is not too remote in time from the offense charged in the information, but the trial court may, in its discretion, exclude even this evidence if it finds that the prejudicial effect of the evidence outweighs its probative value (CLS 1961, § 750.158).

15. SAME—SODOMY—PRIOR NONSEXUAL OFFENSES—ADMISSIBILITY.

Testimony by witness in trial for sodomy that she had seen defendant beat his wife and child *held,* admissible as rehabilitating evidence where defendant had attempted to impeach the witness by showing that she had falsely filed a complaint of rape against a certain man, and on redirect examination she testified that she filed the complaint at the defendant's insistence because she was afraid to refuse (CLS 1961, § 750-.158).

16. SAME—PROSECUTOR—PREJUDICIAL MISCONDUCT.

A prosecuting attorney is a public officer whom juries properly regard as unprejudiced, impartial, and nonpartisan, and he must be very cautious to avoid prejudicial misconduct, especially where the offense charged is highly inflammatory.

17. SAME—PROSECUTOR—PREJUDICIAL MISCONDUCT.

Conduct of prosecutor in trial for offense of sodomy in mentioning the names of some of the girls who had worked for defendant, and asking him if he had ever been in the basement, where an act of sodomy was alleged to have occurred, with any of such girls, commenting in the course of his examination of defendant that "You do have quite a way with the ladies, don't you, doctor?", asking defendant's wife whether she had ever seen defendant embrace and kiss a certain girl, or whether she had seen them go to the basement, and in his argument to the jury, reminding the jury that defendant had been

prosecuted for statutory rape upon the complaint of a former babysitter, although acquitted of that charge, and suggesting that a conviction in the prosecution for sodomy would take away defendant's opportunity to obtain young ladies as live-in babysitters or as patients, and would take away the opportunity of any such act as that charged taking place again, *held*, so highly prejudicial as to deprive defendant of a fair trial (CLS 1961, § 750.158).

Appeal from Oakland; Ziem (Frederick C.), J. Submitted March 3, 1967, at Lansing. (Docket No. 1,607.) Decided November 16, 1967.

Fawzy Askar was convicted of sodomy. Defendant appeals. Reversed, and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, and *Robert W. Leutheuser,* Chief Appellate Counsel, for the people.

*Albert Summer,* for defendant.

T. G. KAVANAGH, P. J. Defendant was convicted of sodomy.[1] He appeals.

The appeal makes five assertions of error—the first questioning the sufficiency of the evidence, the second challenging the construction of the statute as forbidding anal intercourse between male and female, and the remaining three asserting that the trial court's rulings and the conduct of the prosecutor prevented the defendant from having a fair trial.

Concerning the sufficiency of the evidence we find no error. There was indeed evidence of the commission of the offense charged and since the weight of the evidence and credibility of the witnesses is

---

[1] CLS 1961, § 750.158 (Stat Ann 1962 Rev § 28.355).

for the jury's consideration we will not disturb their findings in this regard. See *People* v. *Petrosky* (1938), 286 Mich 397; *People* v. *Schram* (1965), 1 Mich App 279.

Similarly we are not persuaded of error in the construction of the statute. The defendant maintains that the term "mankind" as used in the statute does not include women.

"It is a cardinal rule of statutory construction that the legislative intent must be gathered from the language used, if possible, and that such language shall be given its ordinary meaning unless a different interpretation is indicated." *Goethal* v. *Kent County Supervisors* (1960), 361 Mich 104, 111. "Mankind" is a generic term embracing all of humanity. Black, Law Dictionary (4th ed 1951), p 1115. There is nothing in the statute to indicate that the legislature used the term in a more restrictive sense.

The statute does not define the crime of sodomy. The Michigan Supreme Court has held that in construing the statute we must refer to the common law for the particular acts constituting the offense. *People* v. *Schmitt* (1936), 275 Mich 575. At common law, sodomy is a carnal copulation between human beings in an unnatural manner. 2 Wharton, Criminal Law and Procedure, § 751; 2 Bouvier, Law Dictionary (8th ed 1914), p 3088. The act which defendant is alleged to have performed clearly falls within the terms of this definition. We hold that such conduct constitutes the crime of sodomy under our statute.

In connection with the three remaining assertions of error, however, we are convinced a grave danger is present in cases of this type which warrants close study.

The act of which defendant is accused allegedly occurred in his home in the *bedroom* shared by the

chief witness and defendant's young son. At trial the prosecutor introduced evidence of two other improper acts by defendant with this witness, one taking place in the *basement* of his home, the other in an *apartment* which he had rented.

The general rule is well settled that in a criminal trial evidence of other, distinct offenses is not admissible even though they are of the same kind as the offense charged. *People* v. *Schweitzer* (1871), 23 Mich 301. Michigan has recognized two exceptions to this general rule, one being statutory and the other having evolved out of case law. Section 27 of the code of criminal procedure provides:

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant." (CL 1948, § 768.27 [Stat Ann 1954 Rev § 28.1050]).

The Supreme Court has held that this statute is not applicable to prosecutions for gross indecency or for suggesting to a minor that he submit to an act of sexual intercourse with an adult female, because in these types of cases the question of motive, intent, mistake, or accident or the existence of a scheme or plan is not involved. See *People* v. *Dean* (1931), 253 Mich 434; *People* v. *Riddle* (1948), 322 Mich 199. Neither are these elements material in a prosecution for sodomy, and we hold that the

statutory exception to the general rule of exclusion does not apply to the case at bar.

In some cases another exception to the general rule has been recognized as to certain sexual crimes, under some circumstances. *People* v. *Riddle, supra.* Briefly stated, this exception permits the introduction of evidence of prior offenses, identical with the one charged, between the defendant and the person with whom he is alleged to have committed the act for which he is being tried. See *People* v. *Swift* (1912), 172 Mich 473; *People* v. *Donald D. Williams* (1965) 2 Mich App 91. With regard to sexual offenses, the general rule of exclusion is "based upon the obvious potential prejudicial effect of such evidence, and the courts have frequently pointed out that such evidence is not admissible merely to show the criminal character of the accused." Annotation, Admissibility in prosecution for sexual offense, of evidence of other similar offenses, 77 ALR2d 841 at pages 846, 847. Because of this potential prejudice to the accused the exception has been strictly construed and evidence of prior offenses is admissible only for certain purposes, *i.e.* to show "opportunity, disposition of the parties, and intimate relations tending to break down self-respect." *People* v. *Donald D. Williams, supra,* at page 94. The burden is upon the prosecutor to show for which of these purposes he seeks to introduce evidence of prior offenses and to show that the purpose is material and relevant to the case being tried. Moreover, once the requisite showing has been made and the evidence admitted, we perceive it to be incumbent upon the trial court, whether or not so requested by the defendant, to instruct the jury immediately that the evidence was admitted for a specific purpose and that they shall consider it only for that purpose. In the case at bar there was no showing by the prosecutor of a

proper ground for admitting evidence of prior offenses, nor were any instructions given to the jury regarding this evidence. Consequently, evidence of prior offenses by defendant was erroneously admitted and a new trial must be ordered. At such trial nothing will be admissible under this exception other than a prior act of sodomy between defendant and the chief witness for the prosecution, with whom defendant is alleged to have committed the act charged. This will exclude testimony relating to events in defendant's apartment because those events did not involve acts of sodomy and they included conduct with one of the babysitters other than the chief witness. It will also exclude reference to anything that occurred in the basement of defendant's home except that the prosecutor may introduce evidence of an act of sodomy in the basement between defendant and the chief witness, since that act was prior to and not too remote in time from the offense charged in the information. The trial court may, in his discretion, exclude even this evidence if he finds that its prejudicial effect outweighs its probative value. See McCormick, Handbook of the Law of Evidence, pp 332, 333.

In an attempt to impeach the testimony of one of defendant's babysitters who testified against him, defense counsel elicited from her the fact that she had falsely filed a complaint of rape against a certain man. On redirect examination she testified that defendant had insisted that she file the complaint. She explained that having seen defendant beat his wife and child she was afraid to refuse to file the complaint. Defendant contends that this was evidence of another offense and should not have been admitted by the court.

Clearly this evidence is not within the terms of either of the exceptions allowing evidence of prior offenses. However, once defense counsel had taken

steps to impeach the witness, the prosecutor was entitled to rehabilitate her. She was correctly allowed to explain facts from which a wrong inference or conclusion was likely to be drawn in the absence of an explanation. See *People* v. *Babcock* (1942), 301 Mich 518.

Defendant complains that the prosecutor was guilty of prejudicial misconduct in asking leading questions of defendant and his wife which implied and insinuated that defendant was guilty of sexual misconduct with other women. The court cautioned the prosecutor that he was bound by the answers of defendant as to collateral matters, that he could not introduce other evidence to impeach defendant on these collateral matters, and that he must avoid offering evidence of other crimes. In cross examining defendant, the prosecutor mentioned the names of some of the girls who had worked for defendant, and asked him if he had ever been in the basement with any of them. The answer was "no" in each instance. The prosecutor asked defendant's wife whether she had ever seen defendant embrace and kiss a certain girl, or whether she had seen them go to the basement. Again the answer was "no." In the course of his examination of defendant, the prosecutor said, "You do have quite a way with the ladies, don't you, doctor?" During his argument to the jury, the prosecutor reminded the jury that defendant had been prosecuted for statutory rape upon the complaint of one of his former babysitters, although defendant had been acquitted of that charge. He further suggested that a conviction in the instant case would take away defendant's opportunity to obtain young ladies as live-in babysitters or as patients, and would take away the opportunity of any such act as that charged here taking place again.

On the whole, the prosecutor's conduct was so highly prejudicial that we cannot say that defendant had a fair trial. The prosecuting attorney is a public officer whom juries properly regard as unprejudiced, impartial and nonpartisan. *People v. Cahoon* (1891), 88 Mich 456. See, also, *People v. Crow* (1943), 304 Mich 529, and *People v. Gengels* (1922), 218 Mich 632. The prosecutor must be very cautious, especially where, as here, the offense charged is highly inflammatory. Even though the court did all it could to insure a fair trial, this conduct of the prosecutor vitiated the whole process of trial. See *People v. Allen* (1941), 299 Mich 242; *People v. Hunter* (1922), 218 Mich 525.

Reversed and remanded.

QUINN and McGREGOR, JJ., concurred.