PEOPLE v. STEVENS

CRIMINAL LAW—EVIDENCE—OTHER CRIMES—PLAN OR SYSTEM—IN-
STRUCTIONS TO JURY.
    A limiting instruction need not be given where evidence of
    defendant's motive, intent, the absence of mistake or accident,
    or scheme, plan, or system is introduced unless defendant
    requests a limiting instruction or objects to the court's failure
    to give a limiting instruction (MCLA § 768.27; GCR 1963,
    516.2).

Appeal from Recorder's Court of Detroit, Donald
S. Leonard, J. Submitted Division 1 June 10, 1970,
at Detroit. (Docket No. 7,640.) Decided July 1,
1970. Leave to appeal applied for.

Frank Butler Stevens was convicted of receiving
stolen property. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-
pellate Lawyer, and *Angelo A. Pentolino,* Assistant
Prosecuting Attorney, for the people.

*Kenneth A. Webb,* for defendant on appeal.

Before: HOLBROOK, P. J., and R. B. BURNS and
O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

---

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 321 *et seq.*

PER CURIAM. Defendant was tried and convicted of receiving stolen property (a compressor) by a jury.[1] During the trial, certain testimony of prior similar acts was admitted into evidence. This testimony was received after the assistant prosecuting attorney explained that it was offered under the provisions of CL 1948, § 768.27 (Stat Ann 1954 Rev § 28.1050).[2]

This testimony tended to prove that defendant had in his possession for sale a stolen compressor other than the one which is the subject of this offense. This testimony was admissible to show that defendant's having in his possession the stolen compressor was not a mistake or an innocent business transaction, but was a part of a plan or system of doing an act, or to show intent. *People* v. *Nawrocki* (1965), 376 Mich 252, and *People* v. *DiPietro* (1921), 214 Mich 507. The trial judge in this case did not give, nor was he requested to give, a special instruction as to the limited purpose for which this testimony was to be used, and no objection was made as provided in GCR 1963, 516.2.

Defendant asserts that the trial court erred in failing to immediately instruct the jury as to the limited purpose for which such evidence can be used, citing *People* v. *Askar* (1967), 8 Mich App 95, 101. The holding of *People* v. *Askar, supra,* as to this issue is plain and unequivocal, *i.e.* that a limiting instruction must be given whether or not requested.

---

[1] MCLA § 750.535 (Stat Ann 1970 Cum Supp § 28.803).

[2] "In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant."

We rule in accord with our understanding of the decision in the case of *People* v. *Nawrocki, supra,* which our Court followed in *People* v. *Anderson* (1968), 13 Mich App 247, that such an instruction need not be given unless requested. The trial court in the absence of a request therefor or an objection to a failure to so instruct was not required to give the limiting instruction.

Defendant's other assertions of error are without merit and need not be discussed.

Affirmed.