### PEOPLE v. SCHROEDER

CRIMINAL LAW—EVIDENCE—INTENT—INSTRUCTIONS.

    Failure of trial to immediately instruct a jury, that testimony was received not as substantive evidence of defendant's guilt but as evidence to aid the jury's determination of defendant's intent with respect to his assault on the victim, was not reversible error where any prejudice resulting from the failure to instruct immediately was mitigated by an instruction to the jury as to the limited purpose for which that evidence could be used (CL 1948, § 768.27).

Appeal from St. Clair, Stanley C. Schlee, J. Submitted Division 2 June 8, 1970, at Lansing. (Docket No. 6,129.) Decided July 27, 1970. Leave to appeal denied December 3, 1970. 384 Mich 788.

Raymond Nelson Schroeder was convicted of assault with intent to commit murder. Defendant appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial § 641.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Walter W. Turton,* Prosecuting Attorney, and *Ronald J. Flanigan,* Assistant Prosecuting Attorney, for the people.

*Kenneth A. Webb,* for defendant on appeal.

Before: McGREGOR, P. J., and BRONSON and MAHINSKE,* JJ.

McGREGOR, P. J. On May 29, 1968, a jury found the defendant guilty of assault with intent to commit murder;** from this conviction he appeals. On appeal, he raises several issues, some of which were not raised at trial and others which clearly are without merit.

Defendant and the victim had been cohabiting for several months when his incarceration for an unrelated offense interrupted the relationship. Upon his release, defendant sought to renew the relationship, but learned that another man had replaced him. He then made several threats to her, apparently without physical incident.

Several days later, the defendant saw the victim at a bar where she was seated between two male companions. He stabbed one of the men four times, then left the bar, went to his car, and returned with a shotgun. The victim's other companion was attempting to lock the door when the defendant returned; defendant forced it open. When one of the male companions grabbed for the barrel of the shotgun, it discharged, wounding the companion in the stomach. Defendant then pursued the victim, who was crouched behind the bar. Defendant then shot the victim, allegedly accidentally. The victim was

---

* Circuit judge, sitting on the Court of Appeals by assignment.
** CL 1948, § 750.83 (Stat Ann 1962 Rev § 28.278).

injured and the treating physician testified that she received a very serious scalp wound. At trial, testimony was given that the defendant had stabbed one of the victim's companions and had shot the other, although the shooting was alleged to have been accidental; the defendant claims that the trial court erred in failing immediately to instruct the jury (although not requested to do so by defense counsel) that this testimony was received, not as substantive evidence of defendant's guilt, but as evidence to aid the jury's determination of defendant's intent with respect to his assault on the victim. *People* v. *Askar* (1967), 8 Mich App 95; *People* v. *Shaw* (1968), 9 Mich App 558.

In this appeal, defendant raises several objections to matters which occurred during the course of the trial, none of which were objected to during the trial.

Section 27 of the code of criminal procedure (upon which the prosecution herein relies) provides:

"In any criminal case, where the defendant's motive, intent, the absence of, mistake, or accident on his part, of the defendant's scheme, plan, or system in doing an act, is material, any like acts or other act of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved whether they are contemporaneous with or prior to or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant." CL 1948, § 768.27 (Stat Ann 1954 Rev § 28.1050).

In *Askar, supra,* p 101, where the court admitted into evidence testimony concerning a prior offense of the defendant, it is stated:

"[W]e perceive it to be incumbent upon the trial court, whether or not so requested by the defendant, to instruct the jury immediately that the evidence was admitted for a specific purpose and that they shall consider it only for that purpose."

In *Askar,* the trial court did not rely upon this cited statute, but relied upon the exception permitting the introduction of evidence of prior sexual offenses identical with the one charged between the defendant and the person with whom he is alleged to have committed the acts for which he is being tried. In *Shaw, supra,* (the prior offense being the alleged rape of the victim's wife), while reversing on other grounds, the court apparently felt that the rule of *Askar* applied to the statute discussed herein. See *People* v. *Green* (1968), 14 Mich App 250.

In addition to the factual difference of *Shaw* and *Askar* from the instant situation, in that both cases dealt with the problems inherent in sexual crimes, any prejudice resulting from the failure to instruct immediately was mitigated by the trial judge's instructions to the jury as to the limited purpose for which this evidence could be used. We conclude that no reversible error was committed.

Defendant's other arguments are without merit and, therefore, do not require discussion.

Affirmed.

All concurred.