### PEOPLE *v.* DERMARTZEX

OPINION OF THE COURT

1. CRIMINAL LAW—CONTINUANCE—DISCRETION.
   The granting of a continuance in a criminal case rests within the sound discretion of the trial court (GCR 1963, 503).

2. WITNESSES—LEADING QUESTIONS—CRIMINAL LAW—DISCRETION.
   Allowing the prosecutor to ask leading questions of the complainant in a prosecution for assault with intent to rape was

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Continuance §§ 3, 4.
[2] 58 Am Jur, Witnesses § 568 *et seq.*
[3] 29 Am Jur 2d, Evidence § 719.
[4–6] 44 Am Jur, Rape § 79 *et seq.*

not an abuse of discretion where the complainant was 11 years old and the defense counsel was also permitted wide latitude in questioning the complainant.

3. CRIMINAL LAW—EVIDENCE—RES GESTAE STATEMENT—DELAY.

Allowing a witness's testimony that the complainant in a prosecution for assault with intent to rape had told her that the defendant had hurt her was proper as part of the *res gestae* where the statement was spontaneous and voluntarily made, even though the statement was not made until one or two days after the assault, where the delay was explained by the fear engendered in the complainant by the defendant.

4. RAPE—STATUTORY RAPE—EVIDENCE—OTHER OFFENSES.

Proofs of specific acts of impropriety between the prosecutrix and the defendant for the purpose of showing opportunity, disposition of the parties, and intimate relations tending to break down self-respect and modesty are admissible in cases dealing with statutory rape.

5. RAPE—STATUTORY RAPE—EVIDENCE—OTHER OFFENSES—CAUTIONARY INSTRUCTIONS TO JURY.

An instruction to the jury limiting the use of proofs of specific acts of impropriety between the prosecutrix and the defendant in a prosecution for either statutory rape or an attempt to commit statutory rape need not be given where there was no objection to the testimony concerning the acts, no request to instruct on the testimony's limited use, and no objection to the failure to instruct.

### DISSENT BY O'HARA, J.

6. RAPE—STATUTORY RAPE—EVIDENCE—OTHER OFFENSES—CAUTIONARY INSTRUCTIONS TO JURY.

*The trial judge must instruct the jury as to the limited purposes for which testimony concerning specific acts of impropriety between the prosecutrix and the defendant in a case dealing with statutory rape may be used, irrespective of a request for limiting instructions; failure to instruct constitutes reversible error.*

Appeal from Recorder's Court of Detroit, Robert E. DeMascio, J. Submitted Division 1 November 12, 1970, at Detroit. (Docket No. 8273.) Decided December 10, 1970. Leave to appeal applied for.

Robelto E. C. DerMartzex was convicted of assault with intent to rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Michael J. Farrug,* for defendant on appeal.

Before: McGregor, P. J., and Holbrook and O'Hara,* JJ.

Holbrook, J. Defendant was found guilty by a jury in the Recorder's Court for the City of Detroit of assault with intent to rape, MCLA § 750.85 (Stat Ann 1962 Rev § 28.280). He was sentenced on July 28, 1969, to prison for a term of not less than three years nor more than ten years.

He appeals his conviction and asserts four issues for determination which we restate and consider as follows:

1. Did the trial court abuse its discretion in denying a continuance?

In this case, a complaint was filed and warrant issued July 18, 1968. The examination was held on August 8, 1968, and defendant was bound over for trial. On August 20, 1968, the people filed an information. On September 11, 1968, defendant was arraigned and stood mute. Defendant requested an adjournment at the trial court conference April 11, 1969, which was granted. On June 10, 1969, the case was set for trial on June 24, 1969. On the day

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

of commencement of trial, defendant requested a continuance for the reasons that a fire at defendant's house took place the day before and that defense counsel lacked preparation. There was no showing of inability to proceed to trial because of the fire at defendant's home. Defendant's attorney had been retained prior to the examination held in August 1968 and had represented defendant throughout all of the court proceedings. The record fails to disclose any lack of preparation for trial, and defense counsel failed to demonstrate on the motion that he had lacked time in which to prepare for trial. The general rule prevailing recognizes that the granting of a continuance in a criminal case rests within the sound discretion of the trial court. *People* v. *Fleisher* (1948), 322 Mich 474; *People* v. *Jackzo* (1919), 206 Mich 183, 190; and, also see, GCR 1963, 503. Under the facts in this case, the trial court did not abuse its discretion in denying a continuance.

2. Did the trial court abuse its discretion in allowing the prosecutor to use leading questions and in making comments during defense counsel's oral argument?

The complainant was a young girl of the tender age of 11 years and the trial court in its discretion allowed the prosecutor to use leading questions in questioning her. The defense counsel was also permitted wide latitude in questioning the witness. We determine under the circumstances present in this case that the trial court did not abuse its discretion. *People* v. *Kratz* (1925), 230 Mich 334; *People* v. *Farrell* (1906), 146 Mich 264; and *People* v. *Roat* (1898), 117 Mich 578.

The judge's comments to which defendant objects are contained in the transcript as follows:

"*Mr. Roth (defense counsel)*: "Now, I will say this. What the girl says is true. When this man was arrested he had no reason—where he was working as a guard they could have gotten a search warrant and searched the place to find a camera or films of obscene pictures.

"*Mr. McCarthy (prosecutor)*: I would like to object to that statement as a misstatement of the law.

"*The Court*: Let me hear that context again, will you please, Mr. French?

(*Whereupon the pending statement was read back by the reporter.*)

"*Mr. Roth*: I wasn't referring to that. At the shoe shine place they could have got a search warrant.

"*The Court*: That is all conjecture.

"*Mr. Roth*: That is what the prosecutor is basing this on, conjecture.

"*The Court*: I am making a ruling that that comment is improper and I do not appreciate any other comments in addition to that.

\* \* \*

"*Prosecutor*: Now, the defense, you know, did bring out on cross-examination that this girl didn't complain to so and so and she didn't complain to anyone. Then, Mr. Roth would have you believe just because the people didn't bring out that she was afraid under direct examination that you shouldn't believe it, that I talked to her out in the hall or I talked to her somewhere during recess.

"*Mr. Roth*: That is objected to. I never said he talked to her.

"*Mr. McCarthy*: I said the defense would have you believe that. I didn't say he said that.

"*The Court*: Did you not ask her, the girl, on cross-examination whether or not she talked to the prosecutor?

"*Mr. Roth*: Only to the mother.

"*Mr. McCarthy*: I asked that question.

"*The Court:* Well, he can refer to it.

"*Mr. Roth:* He can refer to the mother but not say that I inferred that he talked to the girl outside. That is the objection, that it is an inference that he is leaving.

"*The Court:* Well, the jury will remember the facts."

We determine that the comments made under the circumstances were within the discretion of the trial court and do not constitute reversible error.

3. Was it error for the court to allow a friend of the defendant to testify that the complainant told her a day or two after the alleged offense that, "She said that the shoemaker hurt her down there and she didn't want to go back. She was afraid"?

The facts disclose that the complainant was allowed to visit at the defendant's home; that her parents lived in Toronto, Canada; that the friends she had, were the previous friends of the defendant; and that the complainant being of tender years was afraid of defendant, a large man weighing 225 pounds. The trial judge allowed Mrs. Cole, who had come to know the complainant by reason of being a friend of the defendant, to testify to the limited conversation of the complainant as a part of the *res gestae.*

The trial judge under the facts in this case properly ruled that the spontaneous, voluntary complaint to Mrs. Cole by the complainant was admissible as a part of the *res gestae,* despite the lapse of a day or two between the incident and complaint, the delay having been explained because of the fear engendered in the complainant by the defendant.[1] *People*

---

[1] "*Q.* The question was: After these incidences did Mr. Der-Martzex tell you not to tell anybody about this?

"*A.* Yes.

"*Q.* Were you afraid of Mr. DerMartzex?

"*A.* Yes."

v. *Davison* (1968), 12 Mich App 429; *People* v. *Baker* (1930), 251 Mich 322; *People* v. *Harrington* (1915), 186 Mich 482; *People* v. *Rich* (1903), 133 Mich 14; and *People* v. *Glover* (1888), 71 Mich 303.

4. Did the introduction into evidence of testimony as to other similar acts between the complainant and the defendant constitute reversible error?

Defendant asserts that (a) the testimony as to similar acts between complainant and defendant should not have been admitted; (b) even if admissible, the people should have shown the purpose for which the testimony was introduced; and (c) the trial court was required to immediately instruct the jury after the introduction of the testimony as to the limited purpose for which it may be used. For the law applicable in this matter, we turn to what was said by the Court in *People* v. *Donald D. Williams* (1965), 2 Mich App 91, 94:

> "It has long been the rule in Michigan that the evidence of the commission of another offense by the defendant cannot be admitted for the purpose of showing that the defendant was more likely to have committed the offense for which he is on trial, nor as corroborating the testimony relating to the commission of such principal offense. But in cases involving statutory rape, a qualified exception to the general rule permits proof of specific acts of impropriety between the prosecutrix and the accused for the purpose of showing opportunity, disposition of the parties, and intimate relations tending to break down self-respect and modesty. *People* v. *Jenness* (1858), 5 Mich 305; *People* v. *Gengels* (1922), 218 Mich 632; *People* v. *Trzil* (1926), 235 Mich 469."

That the exception to the general rule is applicable to this case is self-evident. There were no objections made to the testimony and the only purpose that it could serve was to show opportunity, dis-

position of the parties, and intimate relations tending to break down self-respect. This 11-year-old girl was given into defendant's keeping and he should have been acting in the capacity as her protector during her visit to Detroit and while she was many miles away from her family in Toronto, Canada. There was under the circumstances of this case no need for the prosecutor to specify the purpose of the testimony in the absence of an objection to the testimony or a request for a statement of its use.

We realize that *People* v. *Askar* (1967), 8 Mich App. 95, 101, rules that a limiting instruction must be immediately given whether or not requested, where another offense of a defendant is testified to and properly admitted. The case of *People* v. *Kelly* (1970), 26 Mich App 148, involving a jury conviction of the crimes of carnal knowledge of a female with force against her will, MCLA § 750.520 (Stat Ann 1954 Rev § 28.788), and robbery armed, MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797), approved admission of testimony of a similar offense under MCLA § 768.27 (Stat Ann 1954 Rev § 28-.1050). The several cases dealing with limiting instructions were discussed in *Kelly*, and that Court ruled at p 159:

"We hold failure in this case to give instruction *immediately* upon admission of the testimony was not reversible error. We hold not to give the instruction at all, whether requested or not, *is* reversible error."

In the cases of *People* v. *Anderson* (1968), 13 Mich App 247, dealing with a charge of illegal sale of narcotics, and *People* v. *Stevens* (1970), 25 Mich App 181,[2] a prosecution for receiving stolen prop-

2 and 3 The delayed application by defendant in the *Stevens* case for leave to appeal was by order of the Supreme Court (Docket No.

erty, where there were no objections to the testimony or requests to charge or objections to the charges of the courts, our Court ruled contrary to *Askar, supra*. As the Court in *Kelly*,[3] *supra,* pointed out, the panels in our own Court are not in accord. That be as it may, we do not extend *Askar* or *Kelly* to apply to this case involving the long-established exception to the general rule dealing with a charge of statutory rape or attempt to commit statutory rape. We rule here that where there was no objection to the testimony, no request to charge, and no objection to the failure to charge as provided in GCR 1963, 516.2, there is no reversible error.

Affirmed.

McGREGOR, P. J., concurred.

O'HARA, J. (*dissenting*). It is with regret that I must record my disagreement with Judge HOLBROOK, because for the most part I am in full agreement with his opinion.

However, I feel myself obligated to dissent. When the testimony as to a similar offense in this type of case is admitted, even without objection, I regard it mandatory that the trial judge instruct the jury as to the limited purpose for which it was admitted, irrespective of a request therefor.

It may be that, as Mr. Justice Holmes is supposed to have said, "Consistency is the bugaboo of small minds".[1] But, if I was wrong in *People* v. *Kelly*,[2] I will of necessity be consistently wrong here.

---

53,028–1/2) held in abeyance pending determination of the same issue in *People* v. *Kelly,* our Docket No. 7371, Supreme Court Docket No. 53,029.

[1] The sentiment is attributed originally to Ralph Waldo Emerson who phrased it, "A foolish consistency is the hobgoblin of little minds, * * * ." Bartlett, *Familiar Quotations* (Little, Brown & Company ed 1955), p 501.

[2] *People* v. *Kelly* (1970), 26 Mich App 148, *leave to appeal granted* October 27, 1970, 384 Mich 771.

I hold that in the prosecution for this sex offense, defendant was entitled to the instruction despite the absence of the request. Therefore, I would reverse and remand for a new trial, adding hopefully that the conflict between our holdings on the point will be settled by our Supreme Court.