PEOPLE *v.* SCHMITT.

1. CRIMINAL LAW—CONSTRUCTION OF PENAL STATUTE—COMMON LAW.
   In construing a statute wherein a public offense has been declared in the general terms of the common law without more particular definition, courts refer to the common law for the particular acts constituting the offense.

2. SODOMY—PENETRATION PER OS—COMMON LAW.
   At common law, penetration *per os* did not constitute sodomy or the "crime against nature."

3. SAME—COMMON LAW—STATUTES—DEFINITION.

    Since penetration *per os* did not constitute sodomy or the "crime against nature" at common law and the penal code uses the common-law terms without changing the definition for such crimes, such definition remains, especially where offense of *fellatio* is prohibited and made felonious by another section of the code (Act No. 328, §§ 158, 159, 338, Pub. Acts 1931).

4. CRIMINAL LAW—SODOMY—FELLATIO—EVIDENCE.

    Proof of penetration *per os held*, insufficient to sustain conviction under information charging sodomy (Act No. 328, §§ 158, 159, 338, Pub. Acts 1931).

Appeal from Oakland; Doty (Frank L.), J. Submitted April 16, 1936. (Docket No. 140, Calendar No. 38,817.) Decided June 4, 1936.

Nick Schmitt was convicted of sodomy. Reversed and respondent discharged.

*Johnson & Johnson,* for appellant.

*David H. Crowley,* Attorney General, *David C. Pence,* Prosecuting Attorney, and *Archie G. Leonard,* Assistant Prosecuting Attorney, for the people.

TOY, J. Defendant was charged in the information with having committed "the abominable and detestable crime against nature with one Kella Anderson."

He waived jury trial, and, after trial by the court, was convicted and sentenced to be confined in the Michigan State Prison of Southern Michigan for a term of 2 to 15 years.

On appeal defendant claims that Act No. 328, §§ 158, 159, Pub. Acts 1931, apply to the crime of sodomy as defined by common law, and do not apply to the act here proven by the people to have been committed by defendant.

The penetration proved by the prosecution was *per os.*

The trial court held that the statute applied to such an act, and was not limited to the common-law definition of sodomy.

We think the trial court was in error.

In construing a statute wherein a public offense has been declared in the general terms of the common law, without more particular definition, the courts generally refer to the common law for the particular acts constituting the offense. 8 R. C. L. p. 334.

This rule is followed in Michigan. *People* v. *Hodgkin,* 94 Mich. 27 (34 Am. St. Rep. 321); *Peck* v. *Molhoek,* 249 Mich. 360; *Garwols* v. *Bankers Trust Co.,* 251 Mich. 420.

At common law, penetration *per os* did not constitute sodomy, or the "crime against nature." *Rex* v. *Jacobs,* R. & R. 331 (168 Eng. Rep. 830); *Munoz* v. *State,* 103 Tex. Cr. App. 439 (281 S. W. 857); *State* v. *Johnson,* 44 Utah, 18 (137 Pac. 632); *Koontz* v. *People,* 82 Col. 589 (263 Pac. 19); *State* v. *Murry,* 136 La. 253 (66 South. 963); *People* v. *Boyle,* 116 Cal. 658 (48 Pac. 800); *Kinnan* v. *State,* 86 Neb. 234 (125 N. W. 594, 27 L. R. A. [N. S.] 478, 21 Ann. Cas. 335).

The history of legislation in this State relative to this offense will be found in *People* v. *Hodgkin, supra.* There we recognized the common-law definition as applicable to the statute. Since then there has been no change in the act, except in relation to the degree of proof required, and to the penalty. The legislature has shown no disposition to depart from the common-law definition, therefore it remains. *Garwols* v. *Bankers Trust Co., supra.* This is evidenced further from the fact that the offense of *fellatio* is now prohibited and made felonious by Act No. 328,

§ 338, Pub. Acts 1931, which reenacted Act No. 198, Pub. Acts 1903. See *People* v. *Swift,* 172 Mich. 473.

The act committed by defendant does not come within the provisions of Act No. 328, §§ 158, 159, Pub. Acts 1931, therefore the proof being at variance with the information the conviction is set aside and the defendant discharged.

NORTH, C. J., and FEAD, WEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred. POTTER, J., took no part in this decision.