## PEOPLE v. CASTELLI.

1. CRIMINAL LAW—CONSTITUTIONAL LAW—ADMISSIBILITY OF EVIDENCE—INCRIMINATING STATEMENTS—ASSISTANCE OF COUNSEL—REQUEST FOR COUNSEL—WARNING OF RIGHTS.

> Defendant's claim that reversible error was committed in admitting into evidence certain inculpatory statements made by defendant to police officers when defendant was not first warned of his right to counsel and his absolute right to remain silent *held*, without merit, where defendant's trial commenced on October 7, 1964, the trial court found that there was no request for or denial of counsel, and the inculpatory statements were admitted into evidence only after the trial court had held a separate evidentiary hearing, out of the presence of the jury, determining that the statements were voluntarily made, since the rule excluding such statements from evidence applies only to trials commenced after June 13, 1966 (US Const, Ams 6, 14).

2. APPEAL AND ERROR—FINDINGS OF FACT.

> A trial court's findings of fact will not be disturbed by the Court of Appeals unless clearly erroneous (GCR 1963, 517.1).

3. CRIMINAL LAW — ADMISSIBILITY OF STATEMENTS — FINDINGS OF FACT.

> Defendant's claim that the trial court committed prejudicial error in finding that defendant neither requested nor was denied counsel prior to making inculpatory statements to police officers, *held*, without merit, where the officers to whom the statements were made testified that defendant had made no request for

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 309 *et seq.*
[2, 3] 5 Am Jur 2d, Appeal and Error § 839.
[4] 29 Am Jur 2d, Evidence § 547.
[5] 53 Am Jur, Trial § 506.

counsel, since the Court of Appeals does not reverse findings of fact made by a trial judge unless clearly erroneous (GCR 1963, 517.1).

4. SAME—CONSTITUTIONAL LAW—ADMISSIBILITY OF STATEMENTS—IL-LEGAL DETENTION—FINDINGS OF FACT.

Defendant's claim that admission into evidence of inculpatory statements given by him to police officers was reversible because obtained during a period of illegal detention *held*, without merit, where the record discloses that defendant was arrested on the afternoon of March 27, 1964, Good Friday, a warrant was issued on March 28, defendant was arraigned on March 30, and the trial court's finding that the delay was proper in view of the factual situation, rather than an unnecessary delay done for prolonged, interrogatory purposes without proven justification, was not clearly erroneous (GCR 1963, 517.1).

5. SAME—OPENING STATEMENT—ARGUMENT OF COUNSEL—JURY—MOTION TO SUPPRESS.

Defendant's claim that reversible error occurred in his trial for armed robbery because of opening statement to the jury by the prosecutor, that the evidence would show that a diagram of the building where the robbery occurred was found in defendant's apartment, when such diagram was obtained through an illegal search and seizure and inadmissible in evidence *held*, without merit, where the trial court immediately instructed the jury that argument of counsel was not evidence and that the jury should decide the case solely on the proofs presented at trial, the diagram and all evidence thereof was suppressed from evidence, and defendant could have alleviated the entire problem by moving to suppress the evidence before trial (CLS 1961, § 750.529).

Appeal from Recorder's Court of Detroit; Koscinski (Arthur J.), J. Submitted Division 1 October 6, 1966, at Detroit. (Docket No. 463.) Decided June 13, 1967. Leave to appeal denied November 20, 1968. See 381 Mich 787.

Rudolph R. Castelli was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A..Der-engoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Walter A. Kurz,* for defendant.

J. H. GILLIS, J.   On March 26, 1964, Dick and Lou's Bar located in the city of Detroit was robbed by two armed, masked men.   While they were lining up the customers in the bar, a mask worn by one of the gunmen slipped off his face.   Officers assigned to the case were furnished a description of one of the armed men by the bar owner, a customer, the barmaid and others.   The barmaid, who had checked his identification during the prior week, supplied the police with defendant Rudolph R. Castelli's[1] name.

The following day (Good Friday), at approximately 1:25 p.m., defendant was arrested without a warrant in the city of Highland Park, Michigan, by Detroit police officers.   Defendant was taken to the Highland Park police department, registered as a fugitive and turned over to the arresting officers. The police then went with the defendant to his residence where the apartment caretaker opened defendant's door.   Defendant did not give his consent for this entry.   At the apartment a diagram of Dick and Lou's bar was seized.   Later the same day, the defendant was identified in a police lineup as being one of the armed holdup men and allegedly made several incriminating statements later admitted into evidence at trial.

A warrant was issued on Saturday, March 28, 1964.   Additional incriminating statements were

---

[1] For another episode in the life of defendant, see *People* v. *Castelli* (1963), 370 Mich 147.

allegedly made on Easter Sunday, March 29, 1964, which were subsequently admitted into evidence at trial. On Monday, March 30, 1964, the defendant was arraigned on the warrant. A jury trial commenced on October 7, 1964, and resulted in defendant's conviction for armed robbery.[2]

On appeal defendant raises 48 allegations of error, the first of which being that his inculpatory statements should have been suppressed as they were made without an attorney being present and without first being informed of his constitutional right to remain silent. The trial court in ruling on the motion to suppress the statements accepted the police officer's testimony that the defendant did not request an attorney. This Court has recently held that the mandate enunciated in *Escobedo* v. *Illinois* (1964), 378 US 478, 491 (84 S Ct 1758, 12 L ed 2d 977)[3] requires that there must be a request for counsel and a denial of same. *People* v. *Hoffman* (1965), 1 Mich App 557. See, also, *People* v. *Gant* (1966), 4 Mich App 671; *People* v. *Griffin* (1966), 4 Mich App 604; *People* v. *Limon* (1966), 4 Mich App 440; and *People* v. *Fordyce* (1966), 378 Mich 208.

The trial court's finding of fact that there was no request for, and denial of, counsel is not "clearly erroneous" and will not be disturbed by this Court. GCR 1963, 517.1. In the present case since the court

[2] CLS 1961, § 750.529 (Stat Ann 1954 Cum Supp § 28.797).—REPORTER.

[3] "Where, as here, the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied 'the assistance of counsel' in violation of the Sixth Amendment to the Constitution as 'made obligatory upon the States by the Fourteenth Amendment,' * * * and that no statement elicited by the police during the interrogation may be used against him in a criminal trial."

determined as a question of fact that no request for counsel was made, it is not crucial that the police officers failed to inform the defendant of his constitutional right prior to their questioning. See *Griffin, supra.* It is perhaps significant to point out the dates in the instant case in view of the fact that *Johnson* v. *New Jersey* (1966), 384 US 719 (86 S Ct 1772, 16 L ed 2d 882), determined that the effects of *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L ed 2d 694), would only be applied to trials commencing after June 13, 1966.

Defendant also contends that these statements were obtained during an illegal detention and were inadmissible under the doctrine set forth in *People* v. *Hamilton* (1960), 359 Mich 410. The record discloses that defendant uttered inculpatory statements on two separate occasions, first on the date of his arrest shortly after he was taken to the Detroit police headquarters, and second on Easter Sunday, March 29, 1964. The record does not support the defendant's contention that these statements were involuntarily extracted. The first statement was made on the 27th in the presence of three officers, all of whom testified at trial. As the first officer began his testimony, defense counsel objected and the trial court excused the jury and made a separate record pertaining to the admissibility of such statement. The court ruled that the statements were admissible and we find no error in such determination. Defendant, however, contends that a separate record should have been made prior to the testimony of the remaining two officers. The record discloses that no objections were made as to the admissibility of these statements which were substantially the same as those the court had already determined were admissible and allegedly uttered while the three officers were present.

The second inculpatory statement, made by the defendant on March 29, 1964, was brought before the jury by the testimony of a fourth police officer-witness.

After the people rested their case defense counsel renewed his previous motions to suppress. The court denied this motion "for the same reasons as enunciated before in the court's ruling on the previous motions to suppress." In this previous ruling the court determined, in essence, that the detention was not an unnecessary delay done for prolonged, interrogatory purposes without proven justification, but rather the delay was proper in view of the factual situation. The record does not indicate that this determination constituted reversible error.

In the prosecutor's opening statement to the jury he set forth what he alleged would be established by the evidence presented at trial. He mentioned to the jury the fact that the evidence would disclose that a diagram of the bar was found in the defendant's apartment. Defendant had filed no motion to suppress this evidence prior to trial, but subsequently during the course of the trial moved to suppress all evidence seized at defendant's apartment. The court granted the motion to suppress. Defendant now complains that in view of the subsequent granting of his motion to suppress, reversible error was committed when the prosecutor made mention of the evidence in the opening statement to the jury. The court carefully instructed the jury that the prosecutor's statement was not to be considered as evidence and was only a statement of what the people intended to establish at trial. He emphasized that they would be required to base their decision on the proofs presented at trial. The defendant could have alleviated this problem by filing a motion to

suppress the evidence prior to trial.   We find no reversible error under these circumstances.

A multitude of other issues are raised on appeal, but an examination of the record in this case fails to establish grounds for reversal.

Affirmed.

LESINSKI, C. J., and HOLBROOK, J., concurred.