PEOPLE v. GREEN

1. CRIMINAL LAW — CONSTITUTIONAL LAW — SODOMY STATUTE — VAGUENESS.

Sodomy statute which contains the common law definition of sodomy but does not graphically outline the sordid acts encompassed by the crime is not unconstitutionally vague (CLS 1961, § 750.158).

2. SAME—INFORMATION—SUFFICIENCY—WAIVER OF OBJECTION.

A defendant who does not object before trial to the information against him waives any alleged error in the information (CL 1948, § 767.76).

3. SAME—EVIDENCE—PRIOR CONVICTIONS OF DEFENDANT—PURPOSE OF EVIDENCE.

Failure of trial court to promptly inform the jury of the purpose of the prosecution's inquiry into the prior criminal record of defendant held, not error, where the evidence of prior convictions was only used for the purpose of impeaching defendant's credibility and the subject of the prior record had already been brought up by defense counsel on direct examination.

Appeal from Genesee, Elliott (Philip C.), J. Submitted Division 2 November 4, 1968, at Lansing. (Docket No. 4,018.) Decided November 25, 1968. Leave to appeal denied April 16, 1969. 381 Mich 815.

REFERENCES FOR POINTS IN HEADNOTES

[1] 48 Am Jur, Sodomy § 2.
[2] 41 Am Jur 2d, Indictments and Informations § 299.
[3] 29 Am Jur 2d, Evidence § 327.

Chester Green and Hosea Chappell were convicted of sodomy. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler & Paul G. Miller,* Assistant Prosecuting Attorneys, for the people.

*Luke Quinn,* for defendants.

PER CURIAM. A jury adjudged defendants guilty of sodomy[1] for a particularly detestable incident in the Genesee county jail. Citing no authority, defendants contend that the Michigan sodomy statute is unconstitutionally vague. The statute contains the common-law definition of sodomy, and Michigan decisions have delineated the crime's elements. *People* v. *Schmitt* (1936), 275 Mich 575; *People* v. *Dexter* (1967), 6 Mich App 247. Since the crime is of an indelicate nature, it cannot be said that the failure to graphically outline the acts encompassed by the crime of sodomy causes the statute to be unconstitutionally vague. Similarly, defendants' argument that the indictment did not adequately inform them of the crime charged is unsubstantial considering the crime's nature and that the statute's common-law definition automatically gives notice of the criminal elements of sodomy. See 81 CJS, Sodomy § 4, 374. Moreover, defendants did not object to the information before trial, and therefore, waived any alleged error. CL 1948, § 767.76 (Stat Ann 1954 Rev § 28.1016).

Defendants also claim that the trial court erred by not immediately instructing the jury of the purpose of the prosecutor's inquiry as to prior convic-

---

[1] CLS 1961, § 750.158 (Stat Ann 1962 Rev § 28.355).

tions, citing *People* v. *Askar* (1967), 8 Mich App 95. The *Askar* holding is factually distinguishable, and its limited scope neither applies here nor establishes a general rule requiring immediate jury instruction when the use of the prior convictions is, as here, for impeachment of credibility. In addition, the subject of defendants' prior convictions was first brought out by defense counsel on direct examination.

Defendants' final arguments are clearly without merit and, therefore, do not require our expatiation. No reversible error was committed.

Affirmed.

McGREGOR, P. J., and QUINN and LETTS, JJ., concurred.