## PEOPLE *v.* SMILEY

CRIMINAL LAW—TRIAL—INSTRUCTIONS TO JURY—NONJURY TRIAL.
  Defendant's allegation that the failure of the trial judge to
    give a certain jury instruction constituted reversible error
    *held,* without merit, where defendant was convicted at a non-
    jury trial.

Appeal from Genesee, Philip C. Elliott, J. Sub-
mitted Division 2 May 7, 1969, at Lansing.   (Docket
No. 4,595.)   Decided May 26, 1969.

Donald Smiley was convicted of sodomy.   Defend-
ant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, and *Earle S. Clark,* Assistant
Prosecuting Attorney, for the people.

*Harry S. Sherwin,* for defendant.

BEFORE: LESINSKI, C. J., and QUINN and DAN-
HOF, JJ.

PER CURIAM.   Defendant Donald Smiley was
charged with sodomy* together with Chester Green

* CL 1948, § 750.158 (Stat Ann 1962 Rev § 28.355).

REFERENCES FOR POINTS IN HEADNOTE
39 Am Jur, New Trial § 117; 53 Am Jur, Trial § 1127.

and Hosea Chappell. Green and Chappell were convicted by jury verdict and sentenced. Their convictions and sentences were affirmed by this Court on appeal in *People* v. *Green* (1968), 14 Mich App 250. Defendant waived jury trial and was convicted by the judge. His appeal raises 4 issues for appellate review, 3 of which are identical to issues raised in *Green, supra. Green* is dispositive of each of these 3 issues.

The remaining issue raised by defendant relates to the failure of the trial judge to give a timely jury instruction. This issue, however, has no applicability, as this was a nonjury trial.

Affirmed.