PEOPLE *v.* STEVENSON

1. SODOMY—COMPLAINT—DELAY IN REPORTING OFFENSE.

A delay in reporting sex offenses to the police is justified when threats of intimidation have been made against the victim, so that where two boys, ages ten and six years, reported to the police that defendant had performed intercourse *per anum* upon them six days earlier, the delay was justified where the boys testified that the defendant threatened to kill them if they revealed the incident (MCLA § 750.158).

2. SODOMY—EVIDENCE—SUFFICIENCY.

Court of Appeals will not dispute trial court's finding of fact unless clearly erroneous and no clear error was present where each victim of the defendant's acts of sodomy corroborated the other's testimony concerning the act.

3. SODOMY — CONSTITUTIONAL LAW — STATUTES — VAGUENESS — COMMON LAW.

Failure to outline the proscribed indelicate acts does not render the statute punishing sodomy unconstitutional for vagueness because the statute contains the common law definition of sodomy as intercourse *per anum,* and case law has delineated the elements of the crime (MCLA § 750.158).

4. SODOMY—STATUTES—HOMOSEXUALITY—MENTAL DISEASE.

The statute proscribing the crime of sodomy does not punish homosexuality or mental disease for it proscribes only over conduct, not a particular mental condition or predisposition (MCLA § 750.158).

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  48 Am Jur, Sodomy §§ 5–7.
[2]  48 Am Jur, Sodomy § 7.
[3]  48 Am Jur, Sodomy §§ 1, 2, 4.
[4]  48 Am Jur, Sodomy §§ 1, 2.
[5]  48 Am Jur, Sodomy § 1.

5. SODOMY—PENALTY—CRUEL AND UNUSUAL PUNISHMENT.
   The imposition of a criminal penalty for the crime of sodomy
   is not cruel or unusual punishment (MCLA § 750.158).

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted Division 1 November 4, 1970, at Detroit. (Docket No. 8649.) Decided December 7, 1970. Leave to appeal denied March 15, 1971. 384 Mich 816.

Hilliard Stevenson was convicted of sodomy. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Robert M. Hetchler,* for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and BEASLEY,* JJ.

PER CURIAM. Defendant Hilliard Stevenson was convicted by a trial judge sitting without a jury of sodomy, MCLA § 750.158 (Stat Ann 1962 Rev § 28-.355). This is a delayed appeal upon leave granted.

The elements of the crime were established by the testimony of two boys upon whom the defendant performed intercourse *per anum.* These boys, age ten and age six, also testified that defendant threatened to kill them if they revealed the incident. Six days after the act, the boys reported the crime to the police.

Defendant claims that the delay between the act and the complaint renders the boys' testimony val-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ueless. We disagree. A delay in reporting sex offenses is justified when threats of intimidation have been made against the victim. *People* v. *Baker* (1930), 251 Mich 322. The cases cited by defendant deal with the crime of rape, where the delay in reporting the offense tended to show the victim's consent. Consent is not an issue in the case at bar; we find defendant's authority inapposite.

There was sufficient evidence to support the verdict. Each boy corroborated the other's testimony concerning the act. This Court will not dispute the trial judge's finding of fact, unless clearly erroneous. *People* v. *Bennett* (1966), 3 Mich App 326; *People* v. *Castelli* (1967), 7 Mich App 1; GCR 1963, 517.1.

A review of the record reveals that defendant received a fair trial and was adequately represented by counsel. The tactical waiver by defense counsel of production of an indorsed witness whose testimony was stipulated to be cumulative has not been shown to be prejudicial or such a gross error as to reduce the trial to a sham. *People* v. *Degraffenreid* (1969), 19 Mich App 702. The length of time defense counsel spent with defendant before trial is not necessarily determinative of whether the case was adequately prepared. See *Chambers* v. *Maroney* (1970), 399 US 42 (90 S Ct 1975, 26 L Ed 2d 419).

Defendant's claim that the statute under which he was convicted is unconstitutionally vague is without merit. The statute contains the common law definition of sodomy as intercourse *per anum,* and Michigan decisions have delineated the elements of the crime. *People* v. *Schmitt* (1936), 275 Mich 575; *People* v. *Dexter* (1967), 6 Mich App 247. The failure to outline the proscribed indelicate acts in the statute does not render the statute unconstitutional. *People* v. *Green* (1968), 14 Mich App 250.

The statute does not punish homosexuality or mental disease. The statute proscribes overt conduct, not a particular mental condition or predisposition. The sentence imposed on such overt conduct is not cruel and unusual. See *Powell* v. *Texas* (1968), 392 US 514 (88 S Ct 2145, 20 L Ed 2d 1254).

Affirmed.