PEOPLE v WILSON

Docket No. 78-1435. Submitted March 6, 1979, at Grand Rapids.—
Decided May 22, 1979. Leave to appeal applied for.

James W. Wilson was convicted of first-degree murder. The
defense was alibi. The prosecution, having filed a notice of
rebuttal on the day of trial, sought to call in rebuttal to the
alibi defense a witness listed on defendant's notice of alibi
defense, but not called by defendant at trial and not listed on
the notice of rebuttal. Defendant objected. The Van Buren
Circuit Court, Meyer Warshawsky, J., found that defendant
would not be surprised by that witness's testimony, overruled
the objection and permitted the witness to testify. The testi-
mony of the witness directly contradicted defendant's alibi.
Defendant appeals. *Held:*

1. Testimony which directly contradicts defendant's alibi is
rebuttal testimony, and as such, the prosecution is required to
give defendant the statutorily required notice of rebuttal.

2. The prosecution is not excused from giving the statutorily
required notice of rebuttal by reason of the fact that the
witness called in rebuttal was listed on defendant's notice of
alibi.

3. The statute requiring the prosecution to give notice of
rebuttal contemplates service of written notice in advance of
trial, so that defendant can formulate trial strategy and will
not be surprised.

4. Failure by the prosecution timely to give the statutorily
required notice of rebuttal and the failure to list the rebuttal
witness on the notice requires exclusion of the testimony of the
rebuttal witness.

Reversed and remanded for new trial.

ALLEN, J., dissented. He would hold that the trial court has
the discretion to admit rebuttal testimony, even in the absence

REFERENCES FOR POINTS IN HEADNOTES
[1-5] 21 Am Jur 2d, Criminal Law §§ 136, 137.
29 Am Jur 2d, Evidence §§ 157, 250, 269, 440.
Validity and construction of statute requiring defendant in criminal
case to disclose matter as to alibi defense. 45 ALR3d 958.

of a timely notice of rebuttal being filed by the prosecution, where the witness called by the prosecution was listed on defendant's notice of alibi defense, and defendant was not surprised by such testimony. He would affirm the conviction.

OPINION OF THE COURT

1. WITNESSES — CRIMINAL LAW — ALIBI — REBUTTAL WITNESSES — IMPEACHMENT — NOTICE TO DEFENDANT — STATUTES.

Testimony which directly contradicts a defendant's alibi is rebuttal testimony, notwithstanding the fact that such testimony also impeaches the testimony of a defendant's alibi witness; the prosecution is required to list the witness giving such testimony on its notice of rebuttal (MCL 768.20[2]; MSA 28.1043[2]).

2. WITNESSES — CRIMINAL LAW — ALIBI — REBUTTAL WITNESSES — NOTICE TO DEFENDANT.

The prosecution is not excused from giving notice to a defendant of witnesses it proposes to call in rebuttal of defendant's alibi by reason of the fact that the witness called in rebuttal was listed on the defendant's notice of alibi.

3. WITNESSES — CRIMINAL LAW — ALIBI — REBUTTAL WITNESSES — NOTICE TO DEFENDANT — EVIDENCE — EXCLUSION OF EVIDENCE — STATUTES.

The sanction for failure of the prosecution to list the name of a rebuttal witness to an alibi on the notice of rebuttal is mandatory exclusion of the testimony of the rebuttal witness (MCL 768.21[2]; MSA 28.1044[2]).

4. WITNESSES — CRIMINAL LAW — ALIBI — REBUTTAL WITNESSES — NOTICE AT TRIAL — STATUTES.

The statute requiring the prosecution to list the names of witnesses it proposes to call to rebut defendant's alibi on its notice of rebuttal contemplates service of a written notice in advance of trial so that defendant can formulate trial strategy and will not be surprised (MCL 768.20[2]; MSA 28.1043[2]).

DISSENT BY ALLEN, J.

5. WITNESSES — CRIMINAL LAW — ALIBI — REBUTTAL WITNESSES — NOTICE TO DEFENDANT — SURPRISE — DISCRETION — STATUTES.

*A trial court has discretion to permit the testimony of a witness rebutting a defendant's alibi, notwithstanding the prosecution's failure to list the witness's name on its notice of rebuttal to an alibi, where the witness called by the prosecution was listed on*

*defendant's notice of alibi defense and defendant would not be surprised by such testimony (MCL 768.20[2]; MSA 28.1043[2]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Ward S. Hamlin, Jr.,* Prosecuting Attorney (by *Mark I. Leach,* Assistant Attorney General, Prosecuting Attorneys Appellate Service), for the people.

*Bleich, Peterson & Jancha,* for defendant.

Before: R. B. BURNS, P.J., and ALLEN, and MAC-KENZIE, JJ.

R. B. BURNS, P.J. Defendant was convicted by a jury of first-degree murder, MCL 750.316; MSA 28.548, and appeals. We reverse.

The defense in this case was alibi. The victim, Joseph Swetay, was killed during the course of an apparent robbery between 2 and 3 a.m. on May 2, 1971. Defendant testified that on that night he helped Judy Evans and Raymond Pritchett paint their newly rented home. Judy Evans corroborated defendant's story. Raymond Pritchett, called over defense objection by the prosecution, testified that the house had already been painted by the date of the murder, that he had done most of the painting himself, and that defendant helped only intermittently, never more than 30 minutes at a time and never in an all-night session.

Defendant had filed a notice of alibi prior to trial, listing Judy Evans and Raymond Pritchett as witnesses. MCL 768.20(1); MSA 28.1043(1). Defendant's objection to Raymond Pritchett's testimony was premised upon the prosecution's failure to list Pritchett on a notice of rebuttal. MCL 768.20(2); MSA 28.1043(2), MCL 768.21(2); MSA 28.1044(2). The trial court overruled the objection, finding

that no one would be surprised by the testimony of the witness.

Plaintiff argues that it need not have listed Pritchett on a notice of rebuttal, because Pritchett's testimony was used to impeach Judy Evans' testimony, not to rebut the alibi. See *People v Gillman,* 66 Mich App 419; 239 NW2d 396 (1976). However, unlike the situation in *Gillman,* Pritchett's testimony both impeached the alibi witness and rebutted the alibi. Pritchett's testimony directly contradicted defendant's alibi that he was painting a house at the time of the murder. Thus, plaintiff was required to list Pritchett as a witness in a notice of rebuttal. MCL 768.20(2); MSA 28.1043(2).

Plaintiff also argues that its failure to provide notice is excusable because the witness was listed in defendant's notice of alibi and there was no surprise as to the existence of the witness or as to what he would testify. *People v Terry Alexander,* 82 Mich App 621; 267 NW2d 466 (1978), holds squarely to the contrary, and is not distinguishable from the instant case. The statute protects defendant not only from the types of surprise listed above, but also from the surprise of having the prosecution call an unlisted witness:

"The purpose of alibi and rebuttal of alibi notice is to prevent surprise at trial. * * * This purpose can be attained only if both sides give the statutorily required notice. While a defendant arguably should know how a witness whom he has listed on a notice of alibi will testify, *a defendant should also be entitled to know whether the prosecution will rely on that witness in rebuttal.*" 82 Mich App at 627.

The sanction for failure to state the name of a rebuttal witness on the notice of rebuttal, exclu-

sion of the testimony of that witness, is mandatory. MCL 768.21(2); MSA 28.1044(2), *People v Terry Alexander, supra.*

Nor can the prosecution's failure to serve notice of rebuttal be excused on the theory that the trial court, by overruling defendant's objection to Pritchett's testimony, permitted notice "at such other time as the court may direct". MCL 768.20(2); MSA 28.1043(2). The statute clearly contemplates service of a written notice, which implies such notice should be served in advance of trial. Unless service is made before trial, a defendant cannot rely upon the notice, or lack thereof, in formulating trial strategy, and will be surprised.

Reversed and remanded for a new trial.

MACKENZIE, J., concurred.

ALLEN, J. *(dissenting).* While I agree that the prosecutor's failure to give the notice required by statute is not excused under the exception set forth in *People v Gillman,* 66 Mich App 419, 428; 239 NW2d 396 (1976), I disagree that reversal is required by *People v Terry Alexander,* 82 Mich App 621; 267 NW2d 466 (1978). In two significant respects the instant case differs from *Alexander.* First, in the instant case the trial court made a specific finding that Pritchett's testimony would not surprise the defendant.[1] No such finding was made in *Alexander.* Second, *Alexander* did not discuss that part of the statute reading "at such

[1] After defense counsel objected to Pritchett testifying, the court heard arguments by counsel out of the presence of the jury and then found: "I want to look at this total case. In this total case, no one but no one, was surprised or will be surprised by the proposed witness". During the arguments it was revealed that Pritchett had testified as early as May, 1976, before a grand jury.

other time as the court may direct". MCL
768.20(2); MSA 28.1043(2) provides:

"Within 10 days after the receipt of the defendant's
notice but not later than 5 days before the trial of the
case, *or at such other time as the court may direct,* the
prosecuting attorney shall file and serve upon the de-
fendant a notice of rebuttal which shall contain, as
particularly as is known to the prosecuting attorney,
the names of the witnesses whom the prosecuting attor-
ney proposes to call in rebuttal to controvert the defen-
dant's defense at the trial of the case." (Emphasis
added.)

In a sense, what took place here was that the
notice of rebuttal was served on defendant "at
such other time as the court may direct", that
time being when the court overruled defendant's
objection to Pritchett's testimony.

The rationale behind the notice of alibi statute
is to prevent surprise at trial. As was stated in
*Wardius v Oregon,* 412 US 470, 473; 93 S Ct 2208,
2211; 37 L Ed 2d 82, 87 (1973):

"[T]he ends of justice will best be served by a system
of liberal discovery which gives both parties the maxi-
mum possible amount of information with which to
prepare their cases and thereby reduce the possibility of
surprise at trial."

To reverse where, as here, there is no prejudice
nor surprise is to stretch the statute beyond its
legitimate purpose of affording the defendant a
fair trial. If *Alexander* stands for the proposition
that, under the statute as amended, the trial court
has lost all its former discretion to permit or
exclude testimony of rebuttal to an alibi defense if
the requisite notice of rebuttal is not timely given,
then I disagree with *Alexander.*

Under prior law the trial court had such discretion. *People v Merritt,* 396 Mich 67, 83; 238 NW2d 31 (1976). Under the statute, as amended, the prosecutor must file notice of the people's rebuttal witnesses "not later than 5 days before trial of the case, *or at such other time as the court may direct".* In my opinion the underscored language grants the trial court some discretion in allowing the filing of notice even less than five days before trial. The majority opinion shuts out all discretion and totally ignores the language underscored. I disagree.