PEOPLE v COULTER

PEOPLE v LaVICTOR

Docket Nos. 78-1112, 78-1113. Submitted October 4, 1979, at Grand
    Rapids.—Decided January 3, 1980. Leave to appeal denied, 408
    Mich 925.

> Defendants, John Coulter and Ruben LaVictor, were charged
> with sodomy and convicted of attempted sodomy in the Mar-
> quette Circuit Court. At the time of the offense, defendants
> were inmates at the Marquette Prison. At trial the court,
> Edward A. Quinnell, J., at the request of the prosecution and
> over the objection of defense counsel, instructed the jury on
> both sodomy and attempted sodomy. The court also ruled that
> certain witnesses, listed by the defendants in their notice of
> alibi but not called, could be called by the prosecution for
> rebuttal even though not listed in the prosecutor's notice of
> rebuttal of alibi. Defendants appeal alleging the foregoing as
> error and attacking the constitutionality of the sodomy statute.
> *Held:*
>
> 1. A defendant may be convicted of a necessarily lesser
> included offense of the offense charged even where the evidence
> shows a completed offense. Attempted sodomy is a necessarily
> lesser included offense of sodomy.
>
> 2. It was not error for a trial judge to allow a prosecutor to
> call as rebuttal witnesses persons who were listed on the
> defendant's notice of alibi but were not called where the
> prosecutor had informed defense counsel of his intention to call
> the witnesses several days earlier.
>
> 3. The criminal statute prohibiting sodomy is not unconstitu-
> tionally vague. Consensual sodomy between prison inmates
> may be constitutionally prohibited by statute.
>
> Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 226.

[2] 81 Am Jur 2d, Witnesses § 4.

[3, 4] 70 Am Jur 2d, Sodomy §§ 1, 2.

[4] 70 Am Jur 2d, Sodomy § 18.

Consent as defense in prosecution for sodomy. 58 ALR 3d 636.

1. Criminal Law — Necessarily Lesser Included Offenses.

> A defendant may be convicted of a necessarily lesser included offense of the offense charged even where the evidence shows a completed offense.

2. Criminal Law — Witnesses — Rebuttal Witnesses — Notice.

> It was not error for a trial judge to allow a prosecutor to call as rebuttal witnesses persons who were listed on the defendant's notice of alibi but were not called where the prosecutor had informed defense counsel of his intention to call the witnesses several days earlier.

3. Sodomy — Statutes — Constitutional Law.

> The criminal statute prohibiting sodomy is not unconstitutionally vague (MCL 750.158; MSA 28.355).

4. Sodomy — Statutes — Constitutional Law.

> Consensual sodomy between prison inmates may be constitutionally prohibited by statute (MCL 750.158; MSA 28.355).

*P. E. Bennett,* Assistant State Appellate Defender, for defendants on appeal.

Before: Allen, P.J., and Bashara and Beasley, JJ.

Allen, P.J. Defendants were charged with committing "the abominable and detestable crime against nature", *i.e.,* sodomy, MCL 750.158; MSA 28.355, with each other while they were inmates at Marquette Prison. Following a three-day trial by jury, defendants were found guilty of the lesser included offense of attempted sodomy. On January 20, 1978, each defendant was sentenced to a term of 90 days to be served after the expiration of the terms defendants were already serving in prison. Each defendant appeals of right. No brief was submitted by the prosecution.

## I. Instructions on Attempt

At the request of the prosecution, the trial judge

instructed the jury on both sodomy and attempted sodomy. The attempt instruction was objected to by defense counsel. Defendants argue that since the evidence, if believed, showed either a completed act of sodomy or some other act, the trial court could only instruct on sodomy or some other act.[1] The argument that where the evidence establishes consummation of a felony there can be no conviction of an attempt to commit a felony was rejected in *People v Baxter,* 245 Mich 229, 232; 222 NW 149 (1928), where the Court said:

"Defendant invokes the rule, operative in some jurisdictions by judicial holdings, and in others by statute, that there can be no conviction of an attempt to commit a felony if the evidence establishes consummation of the felony. This is the rule in Illinois. *People v Lardner,* 300 Ill 264 (133 NE 375). But the rule is not general, and does not prevail in this jurisdiction. If an information admits of conviction of an attempt to commit a felony, an accused may be found guilty of the attempt, though the evidence shows a completed offense. *People v Miller,* 96 Mich 119; *People v Blanchard,* 136 Mich 146. Such a verdict may be illogical, but the people cannot complain, and the defendant must accept it, even though less in measure than his just deserts; at least he cannot be heard to say that he has suffered injury."

That ruling has been repeated in *People v Bradovich,* 305 Mich 329, 332; 9 NW2d 560 (1943), and *People v Lovett,* 396 Mich 101, 102; 238 NW2d 44 (1976), and is in accord with the general rule in this country. See *United States v York,* 578 F2d 1036, 1039 (CA 5, 1978).

---

[1] Defendant suggests that the some other act could be "slick-legging" which could be lewd and lascivious behavior, MCL 750.335; MSA 28.567, or indecent exposure, MCL 750.335a; MSA 28.567(1), both of which are misdemeanors.

## II. Notice of Rebuttal of Alibi

Prior to trial, defendants filed notices of alibi, each stating that when the alleged offense occurred, defendants were at a different place within the prison. Both notices listed six witnesses, two of whom were prison officers Marshall and Lehtomaki. At voir dire, the prosecutor moved to add the names of Marshall and Lehtomaki to the list of witnesses on the information. The motion was denied but the court ruled the witnesses could be called to rebut the alibi defense since there would be no surprise to defendants because the witnesses were listed in defendants' notice of alibi. After defendants rested, the court denied their motion to prohibit rebuttal testimony by Marshall and Lehtomaki. Defendants contend the trial court's ruling violates both the language and the purpose of the statute which provides that the prosecutor must file a notice of rebuttal of alibi containing the names of the witnesses to be called, not later than five days before trial.[2] We disagree and, in so doing, distinguish the instant case from *People v Terry Alexander,* 82 Mich App 621; 267 NW2d 466 (1978), and the majority opinion in *People v Wilson,* 90 Mich App 317; 282 NW2d 2 (1979).

In both *Alexander* and *Wilson,* this Court held that although defendant could not be surprised as to *what* the witnesses would testify if called, they could be surprised that unlisted witnesses would in fact be called. *Wilson, supra,* 320. In the instant

[2] "Within 10 days after the receipt of the defendant's notice but not later than 5 days before the trial of the case, or at such other time as the court may direct, the prosecuting attorney shall file and serve upon the defendant a notice of rebuttal which shall contain, as particularly as is known to the prosecuting attorney, the names of the witnesses whom the prosecuting attorney proposes to call in rebuttal to controvert the defendant's defense at the trial of the case." MCL 768.20(2); MSA 28.1043(2).

case, the prosecutor had told each defense counsel of his intentions several days earlier, and neither defense attorney sought an adjournment. Thus, we cannot say that defendants were "surprised" by the fact that officers Marshall and Lahtomaki were called.

The pertinent statutory language provides:

"Within 10 days after the receipt of the defendant's notice but not later than 5 days before the trial of the case, *or at such other time as the court may direct,* the prosecuting attorney shall file and serve upon the defendant a notice of rebuttal which shall contain, as particularly as is known to the prosecuting attorney, the names of the witnesses whom the prosecuting attorney proposes to call in rebuttal to controvert the defendant's defense at the trial of the case." (Emphasis added.) MCL 768.20(2); MSA 28.1043(2).

In a sense, and as was stated in the dissenting opinion in *Wilson, supra,* 322, what took place here was that the notice of rebuttal was served on defendants "at such other time as the court may direct", that time being when the trial court ruled that the two witnesses could be called to rebut the alibi defense. Under these circumstances, we hold that the exercise of discretion by the trial judge in permitting the prosecution to call the witnesses in rebuttal was not clearly erroneous under the statute.

### III. CONSTITUTIONALITY OF STATUTE

Defendants challenge the constitutionality of the sodomy statute on three grounds: (1) vagueness in that the average person does not understand that is meant by "the abominable and detestable crime against nature"; (2) denial of equal protection because the statute treats male homosexual inter-

course more harshly than female homosexual intercourse; and (3) overbreadth in that it prohibits conduct protected by the constitutional guarantee of privacy. We will briefly discuss the issues raised.

The claim of the statute's vagueness was raised and rejected by this Court in *People v Green,* 14 Mich App 250, 251; 165 NW2d 270 (1968), and *People v Stevenson,* 28 Mich App 538, 540; 184 NW2d 541 (1970). Defendants would have us reconsider those cases in light of *Franklin v State,* 257 So 2d 21, 23 (Fla, 1971), where a Florida statute containing the same language as the Michigan statute was struck down for vagueness. We decline the invitation. Two years later, in *Wainwright v Stone,* 414 US 21; 94 S Ct 190; 38 L Ed 2d 179 (1973), the United States Supreme Court, in a case involving the same Florida statute, declined to apply the statute retroactively. The Court held that in view of prior well-established Florida case law, defendants were on clear notice that their conduct was criminal. A similar result was reached in regard to a Tennessee statute proscribing "crime against nature". *Rose v Locke,* 423 US 48; 96 S Ct 243; 46 L Ed 2d 185 (1975).

Defendants' reliance on *Loving v Virginia,* 388 US 1; 87 S Ct 1817; 18 L Ed 2d 1010 (1967), for the proposition that the statute creates a gender-based unequal treatment is misplaced. Defendants argue that had both defendants been women, an act of sexual penetration between them would not have come within the statute. *Loving* involved a Virginia miscegenation statute providing punishment "[i]f any white person intermarry with a colored person, or any colored person intermarry with a white person". The statute on its face created the classification. In the instant case the separate classification is only inferred and only arises from

the natural physical differences between men and women. Accordingly, we find no gender-based discrimination.[3]

Finally, we find it unnecessary to determine whether the sodomy statute infringes on the right to privacy of *all* adults. We need only decide whether its application to adult prison inmates violates the constitutional guarantee of privacy. *Cf. People v Conville,* 55 Mich App 251; 222 NW2d 312 (1974). On that issue we adopt the holding in *United States v Brewer,* 363 F Supp 606, 608 (MD Pa, 1973), where, in sustaining the constitutionality of a Pennsylvania statute on sodomy, the Court said:

"Considering the fact that inmates are in need of protection from sexual and other assaults encountered in prison, prohibition of consensual sodomy in prison cannot be viewed as unconstitutional legislation. It is not necessary to reach the result in this case on the basis of finding an absence or near absence of a prisoner's right to privacy. The interest in preventing disorder in prison and injury to prisoners is sufficient to justify the existence of a prison regulation, or a state or federal statute, prohibiting consensual acts of sodomy between prison inmates. Two additional factors to be considered in balancing the state's interest in proscribing a prisoner's conduct against asserted constitutional rights or privileges are: (1) the threats of violence which may cause a victim to 'consent' to sodomy, and as a corollary, the difficulty in proof, and (2) the very tense and potentially dangerous situation existing within the prison confines as opposed to society at large. These

[3] In addition, we note that the challenged statute is equally applicable to acts of sodomy between a man and a woman, *People v Askar,* 8 Mich App 95, 98-99; 153 NW2d 888 (1967), or between a man or a woman and an animal. *People v Carrier,* 74 Mich App 161, 165-166; 254 NW2d 35 (1977). Thus, in at least one sense, *i.e.,* bestiality, MCL 750.158; MSA 28.355, prohibits and punishes, without regard to the sex of the accused, acts constituting "crimes against nature" and "sodomy". *Id.*

additional factors convince the court that 'consensual' sodomy between prison inmates may be validly prohibited."

Defendants' convictions are affirmed.