PEOPLE v BELL

Docket No. 93313. Submitted June 16, 1987, at Detroit. Decided June 8, 1988.

James Otis Bell was convicted of assault with intent to rob while armed and assault with intent to do great bodily harm less than murder, Detroit Recorder's Court, James E. Roberts, J. Defendant, who had presented an alibi defense, appealed, claiming the trial court abused its discretion in permitting the prosecution, after trial had commenced, to provide notice and the testimony of a witness who rebutted the alibi. Defendant also claimed the trial court erred in permitting the prosecution to endorse another witness as a res gestae witness subsequent to the final conference memorandum.

The Court of Appeals *held:*

1. Under the statute which requires notice of rebuttal of an alibi, a trial court may, at its discretion, allow the prosecution to file a late notice even where trial has commenced. In this case, the trial court did not abuse its discretion in determining that the prosecution had exercised due diligence and could not have learned of the rebuttal witness until after defendant's alibi witnesses had testified.

2. The testimony of the rebuttal witness did not concern a collateral matter but was directly relevant to a substantial issue in the case, i.e., defendant's whereabouts on the date in question, and tended to disprove defendant's alibi. The trial court did not commit error in allowing the testimony of the rebuttal witness.

3. Defendant cannot properly claim surprise and the trial court did not err in permitting the prosecution to endorse an additional res gestae witness subsequent to the final conference memorandum since defendant had interviewed the witness prior to trial.

Affirmed.

1. CRIMINAL LAW — ALIBI — NOTICE OF REBUTTAL.
The legislative intent behind the enactment of the requirement

REFERENCES

Am Jur 2d, Criminal Law §§ 192 *et seq.*

See the Index to Annotations under Criminal Law.

for a notice of rebuttal of an alibi defense was to prevent surprise at trial (MCL 768.20[2]; MSA 28.1043[2]).

2. CRIMINAL LAW — ALIBI — NOTICE OF REBUTTAL.

A trial court may, at its discretion, allow the prosecution to file a late notice of rebuttal of an alibi defense even where trial has commenced (MCL 768.20[2]; MSA 28.1043[2]).

3. CRIMINAL LAW — ALIBI — NOTICE OF REBUTTAL — DUE DILIGENCE — APPEAL.

A trial court's determination that the prosecution, with due diligence, could not have timely provided notice of a witness in rebuttal of an alibi defense will not be reversed on appeal absent an abuse of discretion (MCL 768.20[3]; MSA 28.1043[3]).

4. WORDS AND PHRASES — DUE DILIGENCE.

Due diligence is defined as doing everything reasonable, not everything possible.

5. CRIMINAL LAW — EVIDENCE — REBUTTAL — APPEAL.

The decision to admit evidence in rebuttal rests within the trial court's discretion; if evidence is improperly admitted during rebuttal, reversal is required only if the error was so egregious as to result in a miscarriage of justice.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Joseph A. Puleo,* Assistant Prosecuting Attorney, for the people.

*Charles P. Reisman,* for defendant on appeal.

Before: H. HOOD, P.J., and WEAVER and M. WARSHAWSKY,* JJ.

PER CURIAM. Defendant was convicted of assault with intent to rob while armed, MCL 750.89; MSA 28.284, and assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279. He was sentenced to ten to fifteen years and five to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ten years respectively on the convictions, the sentences to run concurrently. Defendant appeals as of right. We affirm defendant's convictions.

Witnesses for the prosecution testified at trial that defendant attacked and beat the victim, a seven-month-pregnant woman, with a baseball bat while she was walking home from grocery shopping on the evening of January 9, 1986. As the victim lay on the ground, defendant demanded the victim's money. Hearing the victim's screams, one of the witnesses interceded and chased defendant away. Defendant presented alibi witnesses who testified that defendant was at his sister's home on the evening of January 9, 1986. The alibi witnesses stated they remembered the date because the gas had been cut off at the sister's home at 3:00 P.M. that day, and defendant and other members of the family were there all afternoon and evening till about 9:00 or 9:30 P.M. trying to get the gas back on.

Defendant claims that the trial court erred in allowing a gas company employee to testify in rebuttal to defendant's alibi defense because the witness was not listed on the rebuttal witness list within the prescribed time before trial. MCL 768.20(2); MSA 28.1043(2), MCL 768.21(2); MSA 28.1044(2).

The legislative intent behind the enactment of the rebuttal-of-alibi notice requirement was to prevent surprise at trial. *People v Terry Alexander,* 82 Mich App 621, 627; 267 NW2d 466 (1978), lv den 406 Mich 936 (1979). However, that was based upon "a system of liberal discovery *which gives both parties the maximum possible amount of information* with which to prepare their cases and thereby reduce the possibility of surprise at trial." *Wardius v Oregon,* 412 US 470, 473; 93 S Ct 2208, 2211; 37 L Ed 2d 82, 87 (1973). Failure to comply

with the statutory notice requirements mandates exclusion of the proffered evidence. *Id.*

MCL 768.21(2); MSA 28.1044(2), which requires the court to exclude rebuttal evidence for failure to file the required notice of rebuttal, applies to both §§ 20 and 20a of the statute. Sections 20(2) and 20a(7) clearly provide that the notice of rebuttal can be filed "at such other time as the court directs." This phrase has been interpreted as giving the trial judge discretion to allow the prosecution to file a late notice of rebuttal even though the trial has commenced. *People v Stinson,* 113 Mich App 719, 724-725; 318 NW2d 513 (1982); *People v Williams,* 107 Mich App 798, 800-801; 310 NW2d 246 (1981); *People v Coulter,* 94 Mich App 531, 535; 288 NW2d 448 (1980); *People v Fisher,* 87 Mich App 350, 355; 274 NW2d 788 (1978). Any other interpretation of the statute would render the phrase "at such other time as the court directs" meaningless. *Stinson, supra* at 725. We agree with Judge ALLEN's dissent in *People v Wilson,* 90 Mich App 317, 323; 282 NW2d 2 (1979), lv den 407 Mich 947 (1979).

We disagree that the trial court clearly erred in finding due diligence pursuant to MCL 768.20(3); MSA 28.1043(3) by the prosecution in obtaining the name of the rebuttal alibi witness. The trial court's finding of due diligence will not be reversed on appeal absent an abuse of discretion. *People v Smith,* 152 Mich App 756, 762; 394 NW2d 94 (1986). "Due diligence is defined as doing everything reasonable, not everything possible." *People v LeFlore (After Remand),* 122 Mich App 314, 319; 333 NW2d 47 (1983).

Defendant's alibi witnesses were apparently uncooperative and refused to give statements to the officer in charge prior to trial. The prosecution was unable to learn about the gas shut-off until the

alibi witnesses testified at trial. Therefore, the prosecution could not have known about the gas company rebuttal witness and provided notice until that time. See, e.g., *People v Diaz,* 98 Mich App 675; 296 NW2d 337 (1980). After arguments on the matter, defense counsel stated: "Having thought the matter out, if the prosecutor wants to check with the gas company as to when the gas was cut off, I don't have any objection if she wants to do that, if the court feels it's worth the time." Under these circumstances, we hold that the trial court did not abuse its discretion in permitting the prosecution to give notice and call the gas company employee as a rebuttal alibi witness after trial had commenced.

We further hold that the evidence by the rebuttal witness as to the date of the gas shut-off was directly relevant to a substantial issue in the case and was properly admitted by the trial court. The decision to admit evidence in rebuttal rests within the trial court's discretion. If the evidence is improperly admitted during rebuttal, reversal is required only if the error was so egregious as to result in a miscarriage of justice. *People v Hubbard,* 159 Mich App 321, 327; 406 NW2d 287 (1987). Facts directly relevant to the substantive issues in the case are not considered to be collateral. *People v Rosen,* 136 Mich App 745, 759; 358 NW2d 584 (1984), lv den 422 Mich 924 (1985).

Defendant had raised the issue of his whereabouts on the date in question. As this went to the absolute ability of the defendant to commit the crime, it is not a collateral matter and the prosecutor could call witnesses to disprove defendant's alibi. Further, the evidence tended to disprove the exact testimony given by the alibi witnesses. See *People v McGillen #1,* 392 Mich 251; 220 NW2d 677 (1974); *People v Etchison,* 123 Mich App 448,

451; 333 NW2d 309 (1983), lv den 417 Mich 1100.14 (1983). The trial court did not commit error in allowing the gas company employee to testify as to the date of the gas shut-off.

Finally, we hold that the trial court did not commit clear error in permitting the prosecutor to endorse Diedre Griffen as a res gestae witness subsequent to the final conference memorandum. MCL 767.40; MSA 28.980. Defendant was given the opportunity to interview Ms. Griffen prior to trial and did, in fact, interview her. Therefore we do not believe that defendant is justified in claiming "surprise" in this case.

Affirmed.